UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

MICHAEL O. BROWN,                    )
                                     )
        Petitioner,                  )          Civil No. 6:23-106-GFVT
                                     )
v.                                   )
                                     )
J. GILLEY, Warden,                   )       **MEMORANDUM OPINION**
                                     )              **&**
        Respondent.                  )           **ORDER**

                    ***  ***  ***  ***

Petitioner Michael O. Brown is a federal inmate currently confined at the United States

Penitentiary ("USP")-McCreary located in Pine Knot, Kentucky.   Proceeding without counsel,

Brown has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] and

has paid the $5.00 filing fee.  [R. 4.]  Thus, this matter is before the Court to conduct the initial

screening required by 28 U.S.C. § 2243.  *Alexander v. Northern Bureau of Prisons*, 419 Fed.

App'x 544, 545 (6th Cir. 2011).[1]

In March 2015, in the United States District Court for the Eastern District of Tennessee,

Brown was convicted by a jury of one count of conspiracy to distribute and possession with

intent to distribute 5 kilograms or more of cocaine and 280 grams or more of cocaine base in

violation of 21 U.S.C. §§ 846, 841(b)(1)(A) and 21 U.S.C. § 851 (Count One) and one count of

distribution of cocaine base in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(C) and 851 (Count

Twenty).  Prior to trial, the government filed a notice that Brown had at least two prior felony

---

[1] A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

drug convictions, subjecting him to a mandatory life sentence under § 841(b)(1)(A) for his Count

One conspiracy charge.  In July 2015, Brown was sentenced to a term of life imprisonment on

Count One and 360 months on County Twenty, to be served concurrently, for a total term of

Life.  Brown's conviction and sentence were affirmed on appeal to the United States Court of

Appeals for the Sixth Circuit.  *See United States v. Brown*, 4:13-cr-011-TRM-SKL-8 (E.D. Tenn.

2013).

In October 2018, Brown filed a motion to vacate, set aside, or correct sentence under 28

U.S.C. § 2255 based upon claims of prosecutorial misconduct and ineffective assistance of

counsel.  However, Brown's § 2255 motion was denied as untimely.  *Id.*  Brown's motion for a

certificate of appealability was denied by the Sixth Circuit.  *Brown v. United States*, No. 21-

6131, 2022 WL 18832160, at *1 (6th Cir. Sept. 15, 2022), *cert. denied,* 215 L. Ed. 2d 401, 143

S. Ct. 1093 (2023).

Brown has now filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241

in this Court.  [R. 1.]  In his § 2241 petition, he challenges the enhancement of his sentence,

arguing that, in light of the Sixth Circuit's opinions in *United States v. Havis*, 927 F.3d 382 (6th

Cir. 2019), *United States v. Butler*, 812 F. App'x. 311 (6th Cir. 2020) and *United States v.

Cordero*, 973 F. 3d 603, 626 (6th Cir. 2020), he was improperly sentenced as a Career Offender

under the United States Sentencing Guidelines.  [R. 1 at 5; R. 1-2 at 5-6.]  Brown also claims that

two of the predicate state offenses used for his Career Offender enhancement are "non-qualifying

void judgment of convictions," [R. 1 at 5.] as "[t]he prior state sentence relied upon for

2

enhancement as a predicate for 4B1.2…has been deemed to be an 'expired illegal sentence' in the Tennessee Court of Criminal Appeals." [R. 1-2 at 5.][2]

However, Brown's § 2241 petition must be dismissed for lack of subject-matter jurisdiction. While 28 U.S.C. § 2241 "grants federal courts the authority to issue writs of habeas corpus to prisoners whose custody violates federal law," Section 2441's applicability is severely restricted by 28 U.S.C. § 2255, which "serves as the primary means for a federal prisoner to challenge his conviction or sentence." *See Taylor v. Owens*, 990 F.3d 493, 495 (6th Cir. 2021). Thus, a federal prisoner generally may not use a § 2241 petition to challenge the legality of his conviction or enhancement of his sentence, but must instead file a motion under § 2255 in the court that sentenced him. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition).

However, "[s]ince the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), second or successive § 2255 motions are barred unless they rely on either 'newly discovered evidence,' § 2255(h)(1), or 'a new rule of constitutional law,' § 2255(h)(2)." *Jones v. Hendrix*, 599 U.S. ___, 143 S.Ct. 1857, 1863 (2023). Accordingly, a federal prisoner may not "file a second or successive § 2255 motion based solely on a more favorable interpretation of statutory law adopted after his conviction became final and his initial § 2255 motion was resolved." *Id.* Because Brown is unable to bring his claims in a second or successive § 2255 motion, he filed a § 2241 petition in this Court pursuant to the "saving clause" of 28 U.S.C. § 2255(e), on the

---

[2] Brown previously presented a similar challenge to the use of these predicate offenses for sentence-enhancement purposes to the Sixth Circuit on his motion for a certificate of appealability from the denial of his § 2255 motion and it was rejected. *See Brown*, No. 21-6131, 2022 WL 18832160, at *3 (noting that "in any event a federal prisoner cannot collaterally attack the validity of state convictions used to enhance his federal sentence on grounds other than the denial of the right to counsel.") (citing *Daniels v. United States*, 532 U.S. 374, 382-83 (2001)).

grounds that the remedy available under § 2255 is inadequate or ineffective to test the legality of

his detention because he claims that he "did not know that he had the issue now being presented

until on or about 6-1-2022."  [R. 1 at 3.]

Prior to the Supreme Court's decision in *Jones*, many federal Circuit Courts of Appeal

(including the Sixth Circuit) allowed a federal prisoner to challenge his conviction or the

enhancement of his sentence in a § 2241 petition filed pursuant to the "saving clause" of 28

U.S.C. § 2255(e), which authorizes a habeas petition if it appears that remedy afforded by 28

U.S.C. § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention.  *See*

28 U.S.C. § 2255(e).  For example, in the Sixth Circuit, a petitioner could satisfy the saving

clause (and, therefore, challenge his sentence in a § 2241 petition) by showing "'that he had no

prior reasonable opportunity to bring [his] argument' in his earlier section 2255 proceedings…by

identifying a Supreme Court decision that post-dates his original section 2255 proceedings,

adopts a new interpretation of the statute of conviction, and supports his innocence claim."

*Taylor v. Owens*, 990 F.3d 493, 499 (6th Cir. 2021) (quoting *Wright v. Spaulding*, 939 F.3d 695,

705 (6th Cir. 2019)) (other citation omitted).[3]

However, in *Jones*, the Supreme Court held that "the saving clause does not authorize

such an end-run around the AEDPA."  *Jones*, 143 S.Ct. at 1868.  Rather, the inability of a

prisoner with a statutory claim to satisfy the two limited conditions specified by § 2255(h) "in

---

[3] Notably, Brown's § 2241 petition fails to satisfy the saving clause under this prior standard, as he does
not rely on a retroactive change in statutory interpretation by the Supreme Court that is applicable to his
case.  *See Hueso v. Barnhart*, 948 F.3d 324, 333 (6th Cir. 2020) ("In addition to whatever else our
reasonable-opportunity standard demands, it requires a Supreme Court decision that adopts a new
interpretation of a statute after the completion of the initial § 2255 proceedings.").  Moreover, he cannot
establish that he had "no prior reasonable opportunity" to bring his challenge to the use of his prior
Tennessee convictions (which he claims are void) as predicate offenses, because he raised this argument
with the Sixth Circuit and it was rejected.

which Congress has permitted federal prisoners to bring second or successive collateral attacks on their sentences…does not mean that he can bring his claim in a habeas petition under the saving clause.  It means that he cannot bring it at all." *Id*. at 1869.  Thus, just as a federal prisoner may not rely in a favorable change of statutory law to file a second or successive § 2255 motion, nor may he raise such a claim in a § 2241 petition on the grounds that the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of his detention.  *Id*.  at 1868.

In light of *Jones*, a federal prisoner may no longer seek relief from his conviction or sentence based upon a favorable change in statutory interpretation in a § 2241 petition filed via the saving clause of § 2255(e).  The saving clause is a jurisdictional bar that a petitioner must clear prior to bringing a challenge to his conviction or sentence in a § 2241 proceeding.  *Taylor*, 990 F.3d at 499-500.  Because *Jones* makes clear that Brown is unable to clear this hurdle, his § 2241 petition must be dismissed for lack of subject-matter jurisdiction.  *Id*.

Accordingly, it is hereby **ORDERED** as follows:

1.  Brown's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [**R. 1**] is **DISMISSED** for lack of subject-matter jurisdiction;

2.  This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

3.  A corresponding Judgment will be entered this date.

5

This the 25th day of July, 2023.

Gregory F. Van Tatenhove
United States District Judge